JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRA PROPERTY MANAGEMENT, | Case No. CV 16-07814-MWF (RAOx) |
| Plaintiff, | |
| v. | ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED WITHOUT PREPAYING FEES OR COSTS |
| NAJER TEMPLE, | |
| Defendant. | |

**I.**

**FACTUAL BACKGROUND**

On August 3, 2016, Plaintiff Terra Property Management ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendant Najer Temple ( "Defendant"). (Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl.") and Answer, Dkt. No. 1.) Plaintiff alleges that it is an agent authorized by the owner of the real property in question to enter into contracts and file lawsuits in the owner's name. (Compl., ¶ 4.) Plaintiff further alleges that Defendant agreed to rent real property located in Pacoima, California ("the Property") as a month-to-month tenancy, but that Defendant has failed to pay rent. (*Id.*, ¶¶ 3, 6-7, 10, 17.)

///

On October 20, 2016, Defendant filed a Notice of Removal, asserting that this Court has jurisdiction on the basis of a federal question and citing 28 U.S.C. §§ 1331 and 1441.  (Removal at 1-2.)  In addition, Defendant filed an application for *in forma pauperis* status.  (Dkt. No. 3.)

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the United States Constitution and federal statutes.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue, *cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction."   (citations omitted)).   A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further, there is a "strong presumption" against removal jurisdiction.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

As noted above, Defendant asserts that this Court has subject matter jurisdiction due to the existence of a federal question and cites 28 U.S.C. §§ 1331, 1441.  (Removal at 2.)  Defendant contends that the state court did not sustain Defendant's Answer despite the alleged failure of the complaint to comply with requirements of the California Code of Civil Procedure.  (*Id.*)  Defendant further argues that "[f]ederal question [jurisdiction] exists because Defendant's Answer, a ///

2

1    pleading[,] depend[s] on the determination of Defendant's rights and Plaintiff's

2    duties under federal law." (*Id.*)

3         Section 1441 provides in relevant part that a defendant may remove to

4    federal court a civil action in state court of which the federal court has original

5    jurisdiction.  *See* 28 U.S.C. § 1441(a).  Section 1331 provides that federal "district

6    courts shall have original jurisdiction of all civil actions arising under the

7    Constitution, laws, or treaties of the United States."  *See id.* § 1331.

8         Here, the Court's review of the Notice of Removal and the attached

9    complaint and answer makes clear that this Court does not have federal question

10   jurisdiction over the instant matter.  Plaintiff could not have brought this action in

11   federal court as Plaintiff does not allege facts supplying federal question (or

12   diversity) jurisdiction, and therefore removal was improper.  *See* 28 U.S.C.

13   § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.

14   Ed. 2d 318 (1987) ("Only state-court actions that originally could have been filed in

15   federal court may be removed to federal court by the defendant.").

16        The Court notes that the underlying action is one for unlawful detainer,

17   which arises under and is governed by the laws of the State of California.  Thus,

18   there is no federal question apparent on the face of Plaintiff's Complaint.  *See, e.g.*,

19   *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578,

20   at *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under

21   federal law."); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA

22   (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to

23   state court for lack of subject matter jurisdiction where plaintiff's complaint

24   contained only an unlawful detainer claim).

25        Defendant suggests that a federal question is raised by his Answer, but he

26   refers only to provisions of the California Code of Civil Procedure.  (Removal at 2.)

27   Regardless, it is well settled that a "case may not be removed to federal court on the

28   basis of a federal defense . . . even if the defense is anticipated in the plaintiff's

3

complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393. Thus, even if Defendant's defense to the unlawful detainer action is based on alleged violations of federal law, that does not provide a basis for federal question jurisdiction. *See id.* Because Plaintiff's complaint does not present a federal question, the court lacks jurisdiction under 28 U.S.C. § 1331.

Although not asserted by Defendant, the Court notes that it also does not have diversity jurisdiction over this action, as the amount in controversy does not exceed the threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007), *overruled on other grounds by Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977, 980-81 (9th Cir. 2013). In filing the action, Plaintiff explicitly limited its demand for damages to less than $10,000.00. (*See* Compl. at 1.) Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

///
///
///
///
///
///
///
///
///
///

4

III.

**CONCLUSION**

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles forthwith.

IT IS FURTHER ORDERED that Defendant's Application to Proceed Without Prepaying Fees or Costs is DENIED as moot.

IT IS SO ORDERED.


DATED:  October 28, 2016

_____

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:


            /s/
_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE